UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Criminal Action No. 6: 06-96-S-DCR |
| ) | |
| V. ) | |
| ) | |
| CHRISTOPHER J. HRELJAC, ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Defendant. ) | |

*** *** *** ***

This matter is before the Court for consideration of the United States' Motion to Disqualify attorney Fred White from further representation of Defendant Christopher J. Hreljac. [Record No. 68] Having reviewed the parties' briefs on this matter and being sufficiently advised, the Court will sustain the United States' motion.

## I.     BACKGROUND

The co-defendant in this case, Horacio Raul Estrada Elias (originally identified as "Rudy LNU") was indicted on July 27, 2006. On August 21, 2006, Elias appeared for his arraignment before Magistrate Judge J. B. Johnson, Jr. and was represented by CJA attorney Fred White. According to attorney White, Elias did not disclose any information to him at that time, and White merely read Elias the indictment. Thereafter, on August 23, 2006, Elias retained counsel, and attorney White was terminated from further representation in the case.

On October 26, 2006, the grand jury returned a superceding indictment charging Defendant Elias with conspiring with Defendant Christopher J. Hreljac to distribute 1,000 kilograms or more of a mixture or substance containing a detectable amount of marijuana. Prior to the arraignment before Magistrate Judge Robert E. Wier, attorney White was contacted and later appointed to represent Defendant Hreljac. He has continued to represent him since that time.

On December 28, 2006, the United States filed a motion to disqualify attorney White from further representation of Defendant Hreljac because of the potential conflict of interest that would arise if White had to cross-examine Elias, a former client, at trial. In response, attorney White asserts that a "true conflict" does not exist in this case because he did not discuss the case with Elias other than to read the indictment to him. However, attorney White agrees that the appearance of a conflict may exist due to the former representation.

**II.     ANALYSIS**

The Kentucky Rules of the Supreme Court specifically prohibit a lawyer who has formerly represented a client in a matter from representing "another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client consents after consultation." Ky. Sup. Ct. R. 1.9(a) (2006). The comments to the rules further provide that, "[i]nformation acquired by the lawyer in the course of representing a client may not subsequently be used by the lawyer to the disadvantage of the client." Ky. Sup. Ct. R. 1.9 cmt. 3.

In the present case, the United States asserts that a potential conflict of interest would exist if attorney White had to cross-examine Defendant Elias at trial. Specifically, the United States contends that if Elias were to testify against Hreljac, a conflict of interest would arise, and even if Hreljac does not testify for the government, his right to testify in his own defense would be inhibited because he could be cross-examined by his former attorney. Attorney White maintains that he did not discuss any information during his representation of Elias other than reading Elias his indictment, and, therefore, an actual conflict of interest does not exist in this case.

The Court certainly has no reason to doubt attorney White, an experienced criminal attorney. However, the comments to the Kentucky Supreme Court Rules regarding conflicts of interest provide that,

> An impermissible conflict may exist by reason of substantial discrepancy in the parties' testimony, incompatibility in positions in relation to an opposing party or the fact that there are substantially different possibilities of settlement of the claims or liabilities in question. Such conflicts can arise in criminal cases as well as civil. The potential for conflict of interest in representing multiple defendants in a criminal case is so grave that ordinarily a lawyer should decline to represent more than one codefendant.

Ky. Sup. Ct. R. 1.7 cmt. 6. Additionally, the Sixth Circuit addressed the issue of successive representation of co-defendants in *Moss v. United States*, 323 F.3d 445 (6th Cir. 2003). In that case, two co-defendants were represented by the same counsel at the arraignment, after which, one of the co-defendants retained separate counsel. Although the court concluded that the conflict created by the successive representation did not materially affect the attorney's performance, it did find that the representation created an actual conflict of interest. *Moss*, 323

F. 3d at 476. In discussing the issues presented by the successive representation, the court stated that,

> While we agree that there is a lesser likelihood of prejudice in traditional cases of successive representation, such as where the attorney is compelled to cross-examine a former client and the former representation bore only a "substantial relation" to the current proceedings, the probability of prejudice dramatically increases in circumstances where the attorney represented a co-defendant during the pre-indictment phase of the same proceeding.

*Moss*, 323 F.3d at 462. The court further noted that, "[t]he most common example of an actual conflict of interest arising from successive representation occurs where an attorney's former client serves as a government witness against the attorney's current client at trial." *Id*. at 460.

In the present case, the government asserts that a conflict of interest is likely to arise in this case, especially if Defendant Elias becomes a witness for the government. However, as previously noted, the government further asserts that even if Elias does not testify against Defendant Hreljac for the government, he may be materially inhibited from testifying in his own defense at a joint trial of the co-defendants because he would be cross-examined by his former attorney. Although attorney White maintains that Defendant Elias did not provide any information that could be used against him on cross-examination, he agrees that the appearance of a conflict of interest would exist if Elias testifies against Hreljac or if the co-defendants are jointly tried. Accordingly, although the Court does not find that an actual conflict of interest exists due to the successive representation at this time, the possibility that attorney White could cross-examine a former client is sufficient to create the potential appearance of a conflict. Therefore, out of an abundance of caution, the Court will grant the United States' motion to disqualify.

### III. CONCLUSION

For the foregoing reasons, it is hereby **ORDERED** that the United States' Motion to Disqualify Fred White from representing the Defendant in this matter [Record No. 68] is **GRANTED**.

This 5th day of January, 2007.



Signed By:
*Danny C. Reeves*  DCR
United States District Judge